FRANCISCO RODRÍGUEZ ROVIRA, Petitioner and Appellant, v. RAFAEL BUSCAGLIA, TREASURER OF PUERTO RICO, Respondent and Appellee.

No. 8837. Argued April 14, 1944.—Decided April 26, 1944.

*Celestino Iriarte, F. Fernández Cuyar,* and *H. González Blanes* for appellants. *Jesús A. González, Acting Attorney General,* and *A. E. Franco Cabrera, Deputy Attorney General,* for appellee.

MR. JUSTICE SNYDER delivered the opinion of the court.

The opinion of the district court in this case reads as follows:

"The petitioner, Assistant Chief of the Bureau of Municipal Finance of the Department of Finance, was removed from office by defendant on February 18, 1942, without charges being filed, without just cause, and without being heard.

"He instituted this mandamus proceeding praying that he be reinstated in office. He claims to be an officer included within the Classified Civil Service and that the defendant therefore lacks the power to remove him from office without filing charges and conducting a hearing thereon. The defendant claims that the petitioner is not within the Classified Civil Service and that therefore he acted within his powers when he removed him from office without filing charges against him and without a hearing.

"There is no dispute as to the essential facts.

"The petitioner held as temporary employee the positions of Internal Revenue Agent and Lottery Inspector from October 1, 1936, to August 1, 1938. On this last date he was permanently appointed Lottery Inspector, but not upon the basis of open competitive examination but by exemption (from such examination) granted to him by the Governor under subdivision (k) of §4 of the Civil Service Act.

"The petitioner continued being a Lottery Inspector until May 8, 1940, when he was promoted to Assistant Chief of the Bureau of Municipal Finance. Although by that time petitioner had taken and passed an examination on June 30, 1938 which made him eligible for this position, ranking sixth (6th) on the list of eligibles, his appointment was not made upon the basis of a list of the first three eligibles but was made on the basis of promotion without reference to open competitive examination.

"It is evident that petitioner was not within the Classified Civil Service while he held, with temporary character, positions as Internal Revenue Agent and Lottery Inspector. Nor did he enter the Classified Civil Service when he was permanently appointed Lottery

Inspector, not upon the basis of open competitive examination, but by virtue of exemption granted him by the Governor. *Sárraga* v. *Treasurer of P. R. et al.*, 56 P.R.R. 855.

"It remains to consider if petitioner's appointment as Assistant Chief of the Bureau of Municipal Finance placed him within the classified service. As we have seen, his appointment was not made on the basis of an open competitive examination. Although petitioner had passed this examination, it does not appear that he was among the first three on the list of eligibles. On the contrary, the evidence discloses that he was the sixth among those who took the examination. It does not appear that, according to the law, he had any right to be appointed. The mere fact that he had passed the examination did not warrant his appointment. It is evident that the purposes of the Civil Service Act will not be fulfilled if everyone who passed the required examination would be within the classified service, without taking into account the classification that he obtained with relation to others who also took the examination. The law is not limited to the requirement of an examination. It requires an open *competitive examination*. And §22 of the law provides that appointments shall be made from among the three persons obtaining the highest grades in said examination.

"It could be argued that petitioner being a Lottery Inspector, a position within the classified service, could be promoted to another position within the classified service and that such promotion would not place petitioner in said service. It is true that his appointment as Assistant Chief of the Bureau of Municipal Finance was officially designated as a promotion. Even if so labeled we doubt the validity of such appointment, unless the Governor again exempted petitioner from taking the open competitive examination for his new position. But even if it be understood that the exemption originally granted by the Governor was extensive to any other position of similar civil service classification as the one for which it was granted, still we would have to hold that petitioner held the position of Assistant Chief upon the basis of that exemption and not by apointment made in accordance with the provisions of §22 of the law, and that following the doctrine of the case of *Sárraga* v. *Treasurer of P. R. et. al.*, *supra*, only those employees 'who fill permanently and not as a privilege or special concession positions comprised within the Classified Civil Service' are protected against capricious removal by the appointing officer.

"For the aforesaid reasons, we conclude that the petitioner was not within the Classified Civil Service and that therefore the filing

of charges or the existence of just or unjust cause are immaterial to his removal.

■ ''Petitioner contends that having established a *prima facie* right to a position within the Classified Civil Service, the defendant can not contest that right in this proceeding, but that he should be reinstated to his position without prejudice to defendant's right to take the corresponding steps to contest petitioner's *prima facie* right in the proper proceedings.

''But nothing shows petitioner's *prima facie* right to be within the Classified Service. The official records of the Civil Service Commission only show that he was appointed Inspector on the basis of an exemption from examination granted to him by the Governor and that later he was promoted to another position, not on the basis of the three highest eligibles certified by the Civil Service Commission, but upon proposal from the Treasurer and with approval by the Commission (see exhibits 1 and 2 of petitioner). Defendant's case does not show that he was at any time comprised within the Classified Service, upon the basis of an open competitive examination. This is not a case that *prima facie* shows that petitioner is within the Classified Service, but which shows exactly the opposite. Therefore, the rule invoked by petitioner is not applicable to this case.

''The petition should be dismissed, with costs.''

After a careful examination of the record and the errors assigned by the appellant, we find ourselves in complete agreement with the reasoning of the district court. Cf. *García* v. *Cordero, Mgr.*, 62 P.R.R. 299.

The judgment of the district court will be affirmed.